UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 25 CR 654 |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, Sections 666, 1343, and 1346; Title 26, United States Code, Section 7201 |
| DEVON HORTON, ANTONIO ROSS, SAMUEL ROSS, and ALFONZO LEWIS | ) | |

**COUNT ONE**

The SPECIAL APRIL 2024 GRAND JURY charges:

1. At times material to this indictment:

**Relevant Entities and Individuals**

a. Evanston/Skokie School District 65 ("District 65") was a public school district and unit of local government governed by the District 65 Board of Education (the "District 65 Board") and located in the Northern District of Illinois.

b. Within each twelve-month period during calendar years 2022 and 2023, District 65 received benefits in excess of $10,000 under Federal programs involving grants, contracts, subsidies, and other forms of federal assistance.

c. District 65 contracted with certain vendor-companies to provide professional services that supported the district's operations and initiatives.

d. Defendant DEVON HORTON was employed as the superintendent of District 65. HORTON's duties as superintendent included, among other things, management and supervision of the day-to-day operations of the district, review and approval of proposals from vendor-companies that sought to

provide professional services to the district, execution of the district's contracts with vendor-companies that provided professional services to the district, and review and approval of invoices vendor-companies submitted for professional services that were provided to the district. As District 65's superintendent, HORTON was an agent of District 65 and owed a duty of honest services to District 65.

e. Between in or around June 2020 and in or around June 2023, HORTON was a resident of the Northern District of Illinois.

f. Defendants ANTONIO ROSS, SAMUEL ROSS, and ALFONZO LEWIS were friends of HORTON.

g. ANTONIO ROSS was employed by Chicago Public Schools ("CPS") as the principal of Hyde Park Academy High School ("Hyde Park Academy"). ANTONIO ROSS's duties as principal included, among other things, management and supervision of the day-to-day operations of Hyde Park Academy, overseeing the school's finances, and facilitating payment by CPS to vendor-companies that provided professional services to Hyde Park Academy.

h. ANTONIO ROSS also owned Connecting the Dots Leadership Initiative, LLC ("Connecting the Dots"), a company organized in the State of Illinois and based in Chicago, Illinois.

i. SAMUEL ROSS owned Asset Protection Specialist, LLC ("Asset Protection"), a company organized in the State of Illinois and based in Berwyn, Illinois.

j. LEWIS was employed by CPS as the athletic director of Hyde Park Academy.

k. LEWIS also owned New Flight 35 Sports & Academic Academy, LLC ("New Flight 35"), a company organized in the State of Illinois and based in Chicago, Illinois.

l. Individual A was HORTON's sibling.

m. Individual B was a District 65 employee and HORTON's executive assistant.

n. Individual C was a District 65 employee and the purchasing agent for District 65.

**Applicable District 65 Policies and Procedures**

o. The District 65 Policy Manual set forth the purchasing and contracting policies employed by District 65, including the following:

i. The superintendent would manage the district's purchases and contracts in accordance with the law and the standards set forth in the District 65 Policy Manual.

ii. Every district purchase and contract would "support a recognized District function or purpose as well as provide good quality products and services at a reasonable cost[.]"

p. The District 65 Policy Manual also set forth the standards of conduct applicable to the District 65 superintendent and other district employees, including the following:

i. No District 65 employee was allowed to act as an "agent" of the district for "the purpose of acquiring profit or personal gain."

ii. No District 65 employee was allowed to solicit or accept "anything of monetary value from contractors, potential contractors, or parties to agreements" with District 65.

iii. The superintendent of District 65 was required to annually file a Statement of Economic Interests form with the Cook County Clerk, which would disclose, among other things, certain income received during the preceding calendar year, as well as the nature and source of such income. Any official that filed a Statement of Economic Interests form was required to verify that the information in the filing was true, correct, and complete.

q. The District 65 Board received written notification in advance of board meetings of any contract between the district and a vendor-company that provided professional services to the district if the total value of the contract exceeded $25,000.

## **The Scheme**

2. Beginning no later than in or around August 2020, and continuing to in or around June 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON,
ANTONIO ROSS,
SAMUEL ROSS, and
ALFONZO LEWIS,

defendants herein, as well as others known and unknown to the grand jury, knowingly devised, intended to devise, and participated in a scheme to defraud District 65 of money and property, by means of materially false and fraudulent pretenses, representations, and promises, and of the intangible right to the honest services of HORTON through kickbacks, as further described below.

**Overview of Scheme**

3. It was part of the scheme that HORTON, ANTONIO ROSS, SAMUEL ROSS, and LEWIS made materially false and fraudulent representations to make it falsely appear that HORTON had no personal or economic interest in and was not associated with certain individuals and entities that HORTON, in his capacity as District 65 superintendent, selected and caused to be selected for the award of professional service contracts. These false and fraudulent representations were made for the purpose of concealing that HORTON was receiving kickbacks from ANTONIO ROSS, SAMUEL ROSS, and LEWIS and their associated entities, which HORTON selected and caused to be selected for the award of professional service contracts and for whom HORTON approved and caused the approval of invoices that those individuals and entities submitted to District 65.

4. It was further part of the scheme that HORTON, ANTONIO ROSS, SAMUEL ROSS, and LEWIS formed and caused the formation of companies, namely, Connecting the Dots, Asset Protection, and New Flight 35 (collectively, the "Companies"), to apply as vendor-companies for professional service contracts with District 65, and through the use of the Companies, concealed and disguised the fact

that portions of payments that District 65 made to the Companies would be kicked back to HORTON.

5. It was further part of the scheme that HORTON, ANTONIO ROSS, SAMUEL ROSS, and LEWIS submitted and caused to be submitted false and fraudulent documents to District 65 to obtain professional service contracts and money from District 65.

6. It was further part of the scheme that HORTON, ANTONIO ROSS, SAMUEL ROSS, and LEWIS prepared and submitted and caused to be prepared and submitted to District 65 proposals, contracts, and invoices on behalf of the Companies in which they made false representations to conceal the personal or economic interest of HORTON in the proceeds of the Companies' contracts with District 65.

7. It was further part of the scheme that HORTON concealed and caused to be concealed from the District 65 Board professional service contracts that HORTON awarded and caused to be awarded to the Companies, including contracts valued at more than $25,000, the proceeds of which contracts would be kicked back to HORTON.

8. It was further part of the scheme that HORTON concealed and caused to be concealed from the District 65 Board and other District 65 employees his relationship with ANTONIO ROSS, SAMUEL ROSS, and LEWIS in order to conceal that he had a personal or economic interest in the contracts he had awarded to the Companies.

9. It was further part of the scheme that ANTONIO ROSS, SAMUEL ROSS, and LEWIS submitted and caused to be submitted to District 65 invoices on behalf of the Companies that falsely represented that certain professional services had been provided to District 65 when they knew that those services had not been provided.

10. It was further part of the scheme that HORTON approved and caused the approval of false and fraudulent invoices submitted by the Companies to District 65.

11. It was further part of the scheme that, through the submission and approval of false and fraudulent invoices, HORTON, ANTONIO ROSS, SAMUEL ROSS, and LEWIS caused District 65 to issue checks and initiate electronic funds transfers to bank accounts associated with the Companies, ANTONIO ROSS, SAMUEL ROSS, and LEWIS.

12. It was further part of the scheme that, after the Companies, ANTONIO ROSS, SAMUEL ROSS, and LEWIS received payment from District 65, ANTONIO ROSS, SAMUEL ROSS, and LEWIS paid and caused to be paid to HORTON, or to an individual associated with HORTON, namely, Individual A, kickbacks of a portion of the payments made by District 65.

13. It was further part of the scheme that, to conceal the kickback payments, HORTON directed ANTONIO ROSS and LEWIS to transfer some of the kickbacks payments to a bank account associated with Individual A, and HORTON directed Individual A to transfer those funds to HORTON.

14. It was further part of the scheme that HORTON falsely omitted the income that he received from ANTONIO ROSS and SAMUEL ROSS on the Statement of Economic Interests form he filed for calendar year 2022 in order to conceal and disguise the existence, source, and purpose of the kickback payments that he received from ANTONIO ROSS and SAMUEL ROSS.

15. It was further part of the scheme that HORTON did not file a Statement of Economic Interests form for calendar year 2023 in order to conceal and disguise the existence, source, and purpose of the kickback payments that he received from ANTONIO ROSS, SAMUEL ROSS, and LEWIS.

16. It was a further part of the scheme that HORTON, ANTONIO ROSS, SAMUEL ROSS, LEWIS, and others did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

**HORTON's and ANTONIO ROSS's Use of**
**<u>Connecting the Dots to Obtain Funds from District 65</u>**

17. It was further part of the scheme that, between approximately October 2021 and May 2023, HORTON, in his capacity as District 65 superintendent, selected and caused the selection of Connecting the Dots for the award of a professional service contract, contract amendment, and contract extension with District 65 in the total amount of approximately $139,500, and for the purpose of concealing that HORTON would personally benefit from payments on that contract, contract amendment, and contract extension, HORTON and ANTONIO ROSS prepared, submitted, and caused

to be prepared and submitted false and fraudulent documents to District 65 in the name of Connecting the Dots.

18. It was further part of the scheme that HORTON did not notify and caused other District 65 employees not to notify the District 65 Board about the professional service contract, contract amendment, and contract extension with Connecting the Dots, even though the total value of the contract, contract amendment, and contract extension between District 65 and Connecting the Dots exceeded $25,000.

19. It was further part of the scheme that ANTONIO ROSS concealed and caused to be concealed from CPS his secondary employment through Connecting the Dots and the work that he purportedly was to perform for District 65, even though he knew that he needed to receive approval from CPS to engage in such secondary employment.

20. It was further part of the scheme that ANTONIO ROSS and Connecting the Dots submitted invoices to District 65 that were false in that they purported to provided certain professionals to District 65 when ANTONIO ROSS knew that those services had not been provided.

21. It was further part of the scheme that, after HORTON approved and caused the approval of invoices that ANTONIO ROSS and Connecting the Dots submitted to District 65 and District 65 paid those invoices, ANTONIO ROSS withdrew and caused to be withdrawn money from Connecting the Dots' bank account or ANTONIO ROSS's bank account and paid kickbacks totaling approximately

$41,900 directly and indirectly to HORTON, including by funneling payments to HORTON through Individual A.

**HORTON's and SAMUEL ROSS's Use of**
**<u>Asset Protection to Obtain Funds from District 65</u>**

22. It was further part of the scheme that, between approximately June 2022 and June 2023, HORTON, in his capacity as District 65 superintendent, selected and caused the selection of Asset Protection for the award of two professional service contracts with District 65 in the total amount of approximately $119,500, and for the purpose of concealing that HORTON would personally benefit from payments on those contracts, HORTON and SAMUEL ROSS prepared, submitted, and caused to be prepared and submitted false and fraudulent documents to District 65 in the name of Asset Protection.

23. It was further part of the scheme that HORTON did not notify and caused other District 65 employees not to notify the District 65 Board about the professional service contracts with Asset Protection, even though the total value of the contracts between District 65 and Asset Protection exceeded $25,000.

24. It was further part of the scheme that SAMUEL ROSS and Asset Protection submitted invoices to District 65 that were false in that they purported to provided certain professionals to District 65 when SAMUEL ROSS knew that those services had not been provided.

25. It was further part of the scheme that, after HORTON approved and caused the approval of invoices that SAMUEL ROSS and Asset Protection submitted to District 65 and District 65 paid those invoices, SAMUEL ROSS withdrew and

caused to be withdrawn money from Asset Protection's bank account or SAMUEL ROSS's bank account and paid kickbacks totaling approximately $30,800 to HORTON.

**HORTON's and LEWIS's Use of**
**<u>New Flight 35 to Obtain Funds from District 65</u>**

26. It was further part of the scheme that, between approximately November 2022 and May 2023, HORTON, in his capacity as District 65 superintendent, selected and caused the selection of New Flight 35 for the award of a professional service contract with District 65 in the amount of approximately $24,500, and for the purpose of concealing that HORTON would personally benefit from payments on that contract, HORTON and LEWIS prepared, submitted, and caused to be prepared and submitted false and fraudulent documents to District 65 in the name of New Flight 35.

27. It was further part of the scheme that LEWIS and New Flight 35 submitted invoices to District 65 that were false in that they purported to provided certain professionals to District 65 when LEWIS knew that those services had not been provided.

28. It was further part of the scheme that, after HORTON approved and caused the approval of invoices that LEWIS and New Flight 35 submitted to District 65 and District 65 paid those invoices, LEWIS withdrew and caused to be withdrawn money from New Flight 35's bank account or LEWIS's bank account and paid kickbacks totaling approximately $9,000 directly and indirectly to HORTON, including by funneling payments to HORTON through Individual A.

29. On or about April 19, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ANTONIO ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from ANTONIO ROSS, using an email account held with Microsoft, to HORTON, using an email account held with Google, with an attached contract amendment for the provision of professional services to District 65 that falsely represented that HORTON had no personal or economic interest in the business of Connecting the Dots, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWO

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about February 21, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ANTONIO ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer of approximately $4,000 from ANTONIO ROSS's account at Chase Bank to HORTON's account at Bank of America, which transfer of funds represented a kickback payment ANTONIO ROSS made to HORTON following a February 14, 2023 payment by District 65 to Connecting the Dots, and which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THREE

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about March 29, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ANTONIO ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from ANTONIO ROSS, using an email account held with Microsoft, to Individual B, using an email account held with Google, with an attached invoice that falsely represented that Connecting the Dots had provided certain professional services to District 65, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT FOUR

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about November 30, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ANTONIO ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from ANTONIO ROSS, using an email account held with Microsoft, to Individual B, using an email account held with Google, with an attached invoice that falsely represented that Connecting the Dots had provided certain professional services to District 65, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

**COUNT FIVE**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about June 30, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
SAMUEL ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer of approximately $17,250 from an account at Byline Bank to an account at Chase Bank, which transfer of funds represented a payment by District 65 for an invoice submitted in the name of Asset Protection dated June 21, 2022, and which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

**COUNT SIX**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about July 6, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
SAMUEL ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, data relating to an electronic deposit in the amount of approximately $5,000 into HORTON's bank account at U.S. Bank, which deposit represented a kickback payment SAMUEL ROSS made to HORTON following a June 30, 2022 payment by District 65 to Asset Protection, and which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT SEVEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about May 27, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
SAMUEL ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from SAMUEL ROSS, using an email account held with Google, to HORTON, using an email account held with Google, with an attached proposal for the provision of professional services to District 65 that falsely represented that HORTON had no personal or economic interest in the business of Asset Protection, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT EIGHT

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about June 2, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
SAMUEL ROSS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from SAMUEL ROSS, using the email address "sam.ross@ap-specialist.com," to Individual B, using an email account held with Google, with an attached invoice that falsely represented that Asset Protection had provided certain professional services to District 65, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

**COUNT NINE**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about February 15, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ALFONZO LEWIS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer of approximately $8,500 from an account at Byline Bank to an account at Bank of America, which transfer of funds represented a payment by District 65 for an invoice submitted in the name of New Flight 35 dated February 3, 2023, and which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about February 21, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ALFONZO LEWIS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer of approximately $3,000 from LEWIS's account at Bank of America to HORTON's account at U.S. Bank, which transfer of funds represented a kickback payment LEWIS made to HORTON following a February 15, 2023 payment by District 65 to New Flight 35, and which wire communication was routed across state lines;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT ELEVEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about December 13, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ALFONZO LEWIS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from LEWIS, using the email address "alfonzolewis@newflight35.com," to Individual C, using an email account held with Google, with an attached proposal for the provision of professional services to District 65 that falsely represented that HORTON had no personal or economic interest in the business of New Flight 35, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT TWELVE

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 28 of Count One of this indictment are incorporated here.

2. On or about December 13, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON and
ALFONZO LEWIS,

defendants herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from LEWIS, using the email address "alfonzolewis@newflight35.com," to Individual B, using an email account held with Google, with an attached invoice that falsely represented that New Flight 35 had provided certain professional services to District 65, and which email was processed through servers outside of Illinois;

In violation of Title 18, United States Code, Sections 1343 and 1346.

## COUNT THIRTEEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraph 1(a)-(d), (e), and (o)-(p) of Count One of this indictment are incorporated here.

2. At times material to this indictment:

a. The District 65 Policy Manual authorized the superintendent to use a district procurement credit card ("P-Card") to simplify the acquisition, receipt, and payment of purchases and travel expenses incurred on the district's behalf.

b. The District 65 Policy Manual required the superintendent's use of the P-Card to be limited to those expenses that were for the district's benefit and served a valid and proper public purpose. The District 65 Policy Manual prohibited the superintendent from using the P-Card for personal purchases.

3. Beginning on or about January 10, 2022, and continuing through on or about December 22, 2022, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON,

defendant herein, being an agent of District 65, a unit of local government that received in excess of $10,000 in federal funding in the twelve-month period from January 1, 2022, to December 31, 2022, knowingly embezzled, stole, and without authority converted to the use of a person other than the rightful owner and intentionally misapplied $5,000 or more owned by and under the care, custody, and control of District 65, namely, the use of his District 65 P-Card for personal benefit,

including the purchase of personal meals and gift cards and to pay for personal vehicle expenses;

In violation of Title 18, United States Code, Section 666(a)(1)(A).

**COUNT FOURTEEN**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraph 1(a)-(d), (e), and (o)-(p) of Count One and paragraph 2 of Count Thirteen of this indictment are incorporated here.

2. Beginning on or about January 1, 2023, and continuing through on or about July 6, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON,

defendant herein, being an agent of District 65, a unit of local government that received in excess of $10,000 in federal funding in the twelve-month period from January 1, 2023, to December 31, 2023, knowingly embezzled, stole, and without authority converted to the use of a person other than the rightful owner and intentionally misapplied $5,000 or more owned by and under the care, custody, and control of District 65, namely, the use of his District 65 P-Card for personal benefit, including the purchase of personal meals and gift cards and to pay for personal vehicle and personal travel expenses;

In violation of Title 18, United States Code, Section 666(a)(1)(A).

## COUNT FIFTEEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraph 1(a)-(d), (e), and (o)-(p) of Count One and paragraph 2 of Count Thirteen of this indictment are incorporated here.

2. At times material to this indictment:

a. The Internal Revenue Service ("IRS") was part of the United States Department of Treasury and, among other things, was responsible for administering the tax laws of the United States and collecting taxes from individuals and entities.

b. Individual taxpayers were required to file an annual United States Individual Tax Return, Form 1040, including schedules and attachments, with the IRS by a date certain, if the individual's gross income exceeded certain specified amounts. If a taxpayer failed to accurately report or pay his or her tax liability, the IRS could calculate, assess, and attempt to collect the correct tax liability.

3. On or about January 1, 2022, and continuing through on or about May 27, 2023, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON,

defendant herein, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States for the calendar year 2022, by committing the following affirmative acts, among others:

a. During calendar year 2022, HORTON deposited and caused to be deposited into his bank accounts at Bank of America and U.S. Bank approximately thousands of dollars in kickback payments obtained from ANTONIO ROSS and SAMUEL ROSS, which funds originally derived from District 65;

b. During calendar year 2022, HORTON used his District 65 P-Card to purchase or pay for thousands of dollars of items for his own personal use or benefit;

c. HORTON provided his tax return preparer with records that underreported his income for calendar year 2022 and falsely represented to his tax return preparer his sources of income for calendar year 2022;

d. On or about March 21, 2023, HORTON filed a false Statement of Economic Interests form with the Cook County Clerk in order to conceal his sources of income for calendar year 2022; and

e. HORTON filed and caused to be filed a false 2022 Form 1040 on or about April 18, 2023, and filed and caused to be filed a false 2022 Amended Form 1040 on or about May 27, 2023;

In violation of Title 26, United States Code, Section 7201.

## COUNT SIXTEEN

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraph 1(a)-(d), (e), and (o)-(p) of Count One, paragraph 2 of Count Thirteen, and paragraph 2 of Count Fifteen of this indictment are incorporated here.

2. On or about January 1, 2023, and continuing through on or about August 29, 2024, at Evanston, in the Northern District of Illinois, Eastern Division, and elsewhere,

DEVON HORTON,

defendant herein, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States for the calendar year 2023, by committing the following affirmative acts, among others:

a. During calendar year 2023, HORTON deposited and caused to be deposited into his bank accounts at Bank of America and U.S. Bank approximately thousands of dollars in kickback payments obtained from ANTONIO ROSS, SAMUEL ROSS, and LEWIS, which funds originally derived from District 65;

b. During calendar year 2023, HORTON directed ANTONIO ROSS and LEWIS to transfer thousands of dollars in kickback payments derived from District 65 to Individual A;

c. During calendar year 2023, HORTON directed Individual A to transfer thousands of dollars of kickback payments received from ANTONIO ROSS and LEWIS to HORTON's account at Bank of America;

d. During calendar year 2023, HORTON used his District 65 P-Card to purchase or pay for thousands of dollars of items for his own personal use or benefit;

e. HORTON provided his tax return preparer with records that underreported his income for calendar year 2023 and falsely represented to his tax return preparer his sources of income for calendar year 2023; and

f. HORTON filed and caused to be filed a false 2023 Form 1040 on or about August 29, 2024;

In violation of Title 26, United States Code, Section 7201.

## FORFEITURE ALLEGATION ONE

The SPECIAL APRIL 2024 GRAND JURY alleges:

1. Counts One through Twelve of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Sections 1343 and 1346, as alleged in Counts One through Twelve of this indictment,

DEVON HORTON,
ANTONIO ROSS,
SAMUEL ROSS, and
ALFONZO LEWIS,

defendants herein, shall forfeit to the United States any and all right, title, and interest they have in any property, real and personal, which constitutes or is derived from proceeds traceable to the offenses in Counts One through Twelve.

3. The property to be forfeited by defendants as a result of their violation of Title 18, United States Code, Sections 1343 and 1346, includes, but is not limited to, a personal money judgment in the amount of at least approximately $293,500.

4. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as

provided in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

The SPECIAL APRIL 2024 GRAND JURY further alleges:

1. Counts Thirteen through Fourteen of this indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Section 666(a)(1)(A), as alleged in Counts Thirteen and Fourteen of this indictment,

DEVON HORTON,

defendant herein, shall forfeit to the United States any and all right, title, and interest he has in any property, real and personal, which constitutes or is derived from proceeds traceable to the offenses in Counts Thirteen and Fourteen.

3. The property to be forfeited by HORTON as a result of his violation of Title 18, United States Code, Section 666(a)(1)(A), includes, but is not limited to, a personal money judgment in the amount of at least approximately $30,845.77.

4. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as

provided in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_________________________

FOREPERSON

_________________________________________

UNITED STATES ATTORNEY