UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 25 CR 654 |
| DEVON HORTON,<br>ANTONIO ROSS,<br>SAMUEL ROSS, and<br>ALFONZO LEWIS | Judge Thomas M. Durkin |

**GOVERNMENT'S PROPOSED FINAL JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by its attorney, ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits the government's proposed final jury instructions in this case. Because this submission is based upon the anticipated trial evidence, the government may ask this Court for permission to supplement these proposed jury instructions, as appropriate.[1]

Respectfully submitted,


ANDREW S. BOUTROS
United States Attorney

By: */s/Emily C.R. Vermylen*
EMILY C.R. VERMYLEN
ELIE ZENNER
MORRIS PASQUAL
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300


[1] Throughout these proposed instructions, the bracketed language is to be used if necessary.

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT PROPOSED INSTRUCTION NO. 1

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 1.01

Objection: ☐ Yes ☐ No

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendants Devon Horton, Antonio Ross, Samuel Ross, and Alfonzo Lewis committed the crime of wire fraud; and that defendant Devon Horton committed the crimes of embezzlement and theft from a program receiving federal funds and tax evasion. The defendants have pled not guilty to the charges.

The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

GOVERNMENT PROPOSED INSTRUCTION NO. 2

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.02 (modified)

Objection: ☐ Yes ☐ No

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT PROPOSED INSTRUCTION NO. 3

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 1.03

Objection: ☐ Yes ☐ No

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, the exhibits that I allow into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustain objections to questions the lawyers ask, you must not speculate on what the answers might have been.

If, during the trial, I strike testimony or exhibits from the record, or tell you to disregard something, you must not consider it.

GOVERNMENT PROPOSED INSTRUCTION NO. 4

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.01

Objection: ☐ Yes ☐ No

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT PROPOSED INSTRUCTION NO. 5

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.02

Objection: ☐ Yes ☐ No

You may have heard the terms “direct evidence” and “circumstantial evidence.” Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT PROPOSED INSTRUCTION NO. 6

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.03

Objection: ☐ Yes ☐ No

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT PROPOSED INSTRUCTION NO. 7

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.04

Objection: ☐ Yes ☐ No

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

GOVERNMENT PROPOSED INSTRUCTION NO. 8

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 2.05

Objection: ☐ Yes ☐ No

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;
- the witness' ability and opportunity to see, hear, or know the things the witness testified about;
- the witness' memory;
- the witness' demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and
- inconsistent or consistent statements or conduct by the witness.

GOVERNMENT PROPOSED INSTRUCTION NO. 9

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.01

Objection: ☐ Yes ☐ No

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT PROPOSED INSTRUCTION NO. 10

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.02

Objection: ☐ Yes ☐ No

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony is here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

GOVERNMENT PROPOSED INSTRUCTION NO. 11

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 3.03

Objection: ☐ Yes ☐ No

You have heard testimony that a defendant made a statement to the government. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

[You may not consider the statement of defendant [name] as evidence against [the; any] other defendant.]

GOVERNMENT PROPOSED INSTRUCTION NO. 12

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 3.09

Objection: ☐ Yes ☐ No

You have heard from the following witnesses who gave opinions and testimony about certain subjects:

- IRS Revenue Agent Haydee Gonzalez

You do not have to accept this witness's opinions or testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider how the witness reached her opinions, and the factors I have described for determining the believability of testimony.

GOVERNMENT PROPOSED INSTRUCTION NO. 13

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.13 (modified)

Objection: ☐ Yes ☐ No

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence.

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the [summaries; charts] are accurate.]]

[It is up to you to decide how much weight to give to the [summaries; charts].

GOVERNMENT PROPOSED INSTRUCTION NO. 14

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.16

Objection: ☐ Yes ☐ No

Certain summaries and charts were shown to you to help explain other evidence that was admitted. [Specifically identify the demonstrative exhibit, if appropriate]. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations.

GOVERNMENT PROPOSED INSTRUCTION NO. 15

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.17

Objection: ☐ Yes ☐ No

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT PROPOSED INSTRUCTION NO. 16

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 3.18

Objection: ☐ Yes ☐ No

Counts One through Twelve of the indictment charge defendants Devon Horton, Antonio Ross, Samuel Ross, and Alfonzo Lewis with wire fraud. In order for you to find a defendant guilty of any of these charges, the government must prove each of the following elements beyond a reasonable doubt as to the count you are considering:

1. That the defendant knowingly devised or participated in a scheme to defraud, as described in Count One; and
2. That the defendant did so with the intent to defraud; and
3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and
4. That for the purpose of carrying out the scheme, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular defendant and charge you are considering, then you should find that defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the particular defendant and charge you are considering, then you should find that defendant not guilty of that charge.

GOVERNMENT PROPOSED INSTRUCTION NO. 17

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Mail/Wire/Carrier Fraud—Elements (modified)

Objection: ☐ Yes ☐ No

Counts One through Twelve of the indictment charge the defendants with committing wire fraud in two different ways: First, the defendants are charged with wire fraud by devising or participating in a scheme to obtain money or property. Second, the defendants are charged with wire fraud by devising or participating in a scheme to defraud Evanston/Skokie School District 65 of the intangible right to honest services of Devon Horton.

GOVERNMENT PROPOSED INSTRUCTION NO. 18

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341, 1343 & 1346 Types of Mail/Wire/Carrier Fraud

Objection: ☐ Yes ☐ No

A scheme to defraud another of the intangible right to "honest services" consists of a scheme to violate a fiduciary duty by kickbacks. A fiduciary duty is a duty to act only for the benefit of the public.

A public official owes a fiduciary duty to the public.

A defendant need not owe the fiduciary duty personally, so long as he devises or participates in a kickback scheme intended to deprive the public of its right to a fiduciary's honest services.

GOVERNMENT PROPOSED INSTRUCTION NO. 19

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341, 1343 & 1346 Definition of "Honest Services"

Objection: ☐ Yes ☐ No

A kickback occurs when a public official agrees to accept or receive or accepts or receives, directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act, and the act itself provides the source of the funds to be "kicked back."

"Something of value" includes money or property.

GOVERNMENT PROPOSED INSTRUCTION NO. 20

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341, 1343 & 1346 Receiving a Bribe or Kickback

Objection: ☐ Yes ☐ No

A defendant offers a kickback when he, directly or indirectly, promises, gives, or offers a public official something of value in exchange for a promise for, or performance of, an official act, and the act itself provides the source of the funds to be "kicked back."

"Something of value" includes money or property.

GOVERNMENT PROPOSED INSTRUCTION NO. 21

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341, 1343 & 1346 Offering a Bribe or Kickback

Objection: ☐ Yes ☐ No

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that is intended to deceive or cheat another and to obtain money or property or cause the potential loss of money or property to another by means of materially false or fraudulent pretenses, representations or promises or to deprive another of the intangible right to honest services through kickbacks.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

GOVERNMENT PROPOSED INSTRUCTION NO. 22

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Definition of "Scheme to Defraud"

Objection: ☐ Yes ☐ No

A false or fraudulent pretense, representation, or promise, omission, or concealment is "material" if it is capable of influencing the decision of the person to whom it was addressed. It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the person, as long as it is capable of doing so.

GOVERNMENT PROPOSED INSTRUCTION NO. 23

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Definition of "Material" (modified)

Objection: ☐ Yes ☐ No

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to the defendant or another; or the loss of money or property to another; or to deprive another of the intangible right to honest services through kickbacks.

GOVERNMENT PROPOSED INSTRUCTION NO. 24

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Definition of "Intent to Defraud"

Objection: ☐ Yes ☐ No

A person acts “knowingly” if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT PROPOSED INSTRUCTION NO. 25

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 4.04 Definition of Knowingly

Objection: ☐ Yes ☐ No

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations or promises or kickbacks charged in the portion of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them.

GOVERNMENT PROPOSED INSTRUCTION NO. 26

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Proof of Scheme

Objection: ☐ Yes ☐ No

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to a defendant.

The government need not prove that the scheme to defraud actually succeeded.

GOVERNMENT PROPOSED INSTRUCTION NO. 27

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Success Not Required

Objection: ☐ Yes ☐ No

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme. In order to cause interstate wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

GOVERNMENT PROPOSED INSTRUCTION NO. 28

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. §§ 1341 & 1343 Use of Mails/Interstate Carrier/Interstate Communication Facility

Objection: ☐ Yes ☐ No

Emails and wire transfers of funds constitute transmission by means of wire communication.

GOVERNMENT PROPOSED INSTRUCTION NO. 29

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 18 U.S.C. § 1343 Wire Communication

Objection: ☐ Yes ☐ No

Counts Thirteen and Fourteen of the indictment charge defendant Devon Horton with embezzlement and theft. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1. That the defendant was an agent of a local government, Evanston/Skokie School District 65; and

2. That the defendant embezzled and stole some money or property; and

3. That the money or property was owned by, or was under the care, custody or control of the local government; and

4 That the money or property had a value of $5,000 or more; and

5. That the local government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. The one year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT PROPOSED INSTRUCTION NO. 30

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 18 U.S.C. § 666(a)(1)(A) Theft Concerning Federally Funded Program—Elements

Objection: ☐ Yes ☐ No

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To embezzle money or property means to intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment, or position of trust.

GOVERNMENT PROPOSED INSTRUCTION NO. 31

Pattern Criminal Instructions of the Third Circuit, 6.18.666A1A-3, Theft Concerning a Program Receiving Federal Funds—Stole, Embezzled, Converted, and Misapplied Defined

Objection: ☐ Yes ☐ No

An "agent" is a person who is authorized to act on behalf of a government or agency, including an employee, officer, or representative.

GOVERNMENT PROPOSED INSTRUCTION NO. 32

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 18 U.S.C. § 666(a)(1)(A) Definition of "Agent"

Objection: ☐ Yes ☐ No

Counts Fifteen and Sixteen of the indictment charge defendant Devon Horton with attempting to evade or defeat his individual income tax. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. On the date for filing a federal income tax return, federal income tax was due and owing by the defendant. If the defendant owed tax for a particular year, then the tax was due and owing as of [April 15; other date pursuant to extension] of the following year; and
2. The defendant knew he had a legal duty to pay the tax; and
3. The defendant did some affirmative act to evade payment of the tax. Any conduct that is likely to have a misleading or concealing effect can constitute an affirmative act. A lawful act can serve as an affirmative act if it is done with the intent to evade income tax. The mere failure to file a tax return is not an affirmative act; and
4. In doing so, the defendant acted willfully, that is, with the intent to violate his legal duty to pay the tax.

The government is not required to prove the precise amount of additional tax alleged in the indictment or the precise amount of additional tax owed.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable

doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

GOVERNMENT PROPOSED INSTRUCTION NO. 33

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 26 U.S.C. § 7201 Attempt to Evade or Defeat Tax—Elements

Objection: ☐ Yes ☐ No

Counts Fifteen and Sixteen charge defendant Devon Horton with evading federal income tax by committing various affirmative acts. The government is not required to prove that the defendant committed every one of the affirmative acts alleged in the particular count you are considering. However, the government is required to prove that the defendant committed at least one of the affirmative acts that is alleged in the particular count. To find that the government has proven this, you must agree unanimously on which particular affirmative acts the defendant committed, as well as all of the other elements of the crime charged.

GOVERNMENT PROPOSED INSTRUCTION NO. 34

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 26 U.S.C. § 7201 Unanimity as to Acts of Evasion; 4.04 Unanimity on Specific Acts (modified)

Objection: ☐ Yes ☐ No

If the defendant has incurred a tax liability, then it exists from the date the return is due. The government need not prove that there was an administrative assessment of tax or that the defendant received a tax assessment.

GOVERNMENT PROPOSED INSTRUCTION NO. 35

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 26 U.S.C. § 7201 No Need For Tax Assessment

Objection: ☐ Yes ☐ No

You may infer that a tax return was, in fact, signed by the person whose name appears to be signed to it. You are not required, however, to infer this. If you find that the government has proved beyond a reasonable doubt that the defendant signed the tax return, then you may infer that the defendant knew of the contents of the return. You are not required, however, to infer this.

GOVERNMENT PROPOSED INSTRUCTION NO. 36

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 26 U.S.C. §§ 7201, 7203 & 7206 Knowledge of Contents of Return

Objection: ☐ Yes ☐ No

In determining the defendant's taxable income, income received from unlawful activities is treated in the same manner as income from lawful activities.

GOVERNMENT PROPOSED INSTRUCTION NO. 37

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.), 26 U.S.C. §§ 7201, 7203 & 7206 Funds or Property from Unlawful Sources

Objection: ☐ Yes ☐ No

The indictment charges that the crimes happened “on or about” certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT PROPOSED INSTRUCTION NO. 38

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.05

Objection: ☐ Yes ☐ No

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

GOVERNMENT PROPOSED INSTRUCTION NO. 39

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2025 ed.) 4.06

Objection: ☐ Yes ☐ No

Even though the defendants are being tried together, you must consider each defendant and the evidence concerning that defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning any other defendant.

GOVERNMENT INSTRUCTION NO. 40

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.07, Separate Consideration—Multiple Defendants Charged with Same or Multiple Crimes

Objection: ☐ Yes ☐ No

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

GOVERNMENT PROPOSED INSTRUCTION NO. 41

*United States v. O'Connor*, 656 F.3d 630, 645 (7th Cir. 2011)
*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994)
*United States v. Ocampo-Tellez*, 20 CR 331, Dkt. 130 at 12 (Kennelly, J.)
*United States v. Henderson*, 08 CR 106, Dkt. 138 at 18 (Bucklo, J.)

Objection: ☐ Yes ☐ No

In deciding your verdict, you should not consider the possible punishment for the defendants. If you decide that the government has proved the defendants guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT PROPOSED INSTRUCTION NO. 42

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 4.08

Objection: ☐ Yes ☐ No

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT PROPOSED INSTRUCTION NO. 43

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.01 (modified)

Objection: ☐ Yes ☐ No

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

GOVERNMENT PROPOSED INSTRUCTION NO. 44

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.02

Objection: ☐ Yes ☐ No

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT PROPOSED INSTRUCTION NO. 45

The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 ed.) 7.03

Objection: ☐ Yes ☐ No